E-FILED
Tuesday, 26 May, 2009  10:37:50 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

REBECCA A. BOSWELL,            )
                               )
         Plaintiff,            )
                               )
    v.                         )      Case No. 06-1059
                               )
WILLIAM ROBINSON, CHRIS NAGLE, )
CITY OF ABINGTON, ILLINOIS,    )
                               )
         Defendants.           )

# ORDER

Before the Court are Defendant City of Abingdon's and Defendant Chris Nagle's Motions for Rule 54(b) Determination. For the reasons set forth below, the Court DENIES the City of Abingdon's Motion [#75] and GRANTS Chris Nagle's Motion [#78].

## BACKGROUND

On March 6, 2006, Plaintiff Rebecca A. Boswell ("Boswell") filed a Complaint [#1], alleging damages arising from her March 7, 2005, arrest. Specifically, Boswell alleged Defendants, Chief William Robinson ("Chief Robinson") and Detective Chris Nagle ("Nagle") of the Abingdon Police Department fabricated evidence and arrested her without probable cause for Contributing to the Criminal Delinquency of a Juvenile by allegedly facilitating the manufacture of drug paraphernalia by students in her shop class at Abingdon High School. In an Order dated March 4, 2009, this Court granted summary judgment in favor of the City of Abingdon ("Abingdon") and Nagle and granted in part and denied in part summary judgment in favor of Defendant Chief Robinson.

1

The Court denied Chief Robinson's motion to the extent that it found that there was a disputed issue of material fact as to when Chief Robinson learned of the ages of the students in Boswell's shop class.  Chief Robinson is currently pursuing an appeal regarding the issue of whether he is entitled to qualified immunity.

In granting summary judgment in favor of Abingdon, this Court found that in order to hold Abingdon liable for her "false arrest", Boswell needed to prove that Abingdon had: (1) an express policy that, when enforced, caused a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Abbott v. Vill. of Winthrop Harbor,* 205 F.3d 976, 981 (7th Cir. 2000).  "Liability for unauthorized acts is personal; to hold the municipality liable, *Monell* tells us, the agent's action must implement rather than frustrate the government's policy. *Auriemma v. Rice,* 957 F.2d 397, 400 (7th Cir. 1992).

The Court held that Boswell failed to present any evidence that Chief Robinson had *final policy making authority* to establish any such policy or that such policy or custom existed.  The Court reasoned that, as chief of police, Chief Robinson may have had the discretion to implement preexisting laws governing arrests, but that this discretion is not the same as having authority to set policy regarding fabricating evidence and making arrests without probable cause. *See Killinger v. Johnson,* 389 F.3d 765, 771-772 (7th Cir. 2004) (holding that the mere authority to implement pre-existing rules is not the authority to set policy). The Court concluded that, even if Chief Robinson arrested Boswell after he fabricated evidence and while knowing he did not

have probable cause to do so (which remains a disputed issue of material fact), this action would not have been in furtherance of an express policy or in furtherance of a widespread government practice.

In granting summary judgment in favor of Nagle, the Court found that there was no causal connection between Nagle's conduct and Boswell's alleged false arrest. The Court noted that Boswell admitted that Nagle was not present during her police interview and admitted that Chief Robinson did not consult Nagle regarding whether there was probable cause to arrest her. The Court concluded that Boswell failed to present any question of fact suggesting Nagle could be liable, and therefore, granted summary judgment in his favor.

Both Abingdon and Nagle have moved for entry of judgment under Rule 54(b). In Boswell's Response to these motions [#80-2], she states that she does not oppose Nagle's motion and that she is filing a separate motion to dismiss the claims against him with prejudice. However, Boswell does object to Abington's motion. Therefore, the Court GRANTS Nagle's motion [#78] and will discuss Abingdon's motion [#75] below.

## DISCUSSION

Rule 54(b) states:

> Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer that all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

3

In making a Rule 54(b) determination, the district court must first determine that it is dealing with a final judgment: a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7-8 (1980). Secondly, the district court must expressly determine that there is "no just reason for delay." *Id.* The scope of Rule 54(b) must be confined to "situations where one of multiple claims is fully adjudicated-to spare the court of appeals from having to keep relearning the facts of a case on successive appeals." *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 518 F.3d 459, 464 (7th Cir. 2008) (internal citation omitted). As a general rule, a district court is required to state specific reasons in support of its conclusion that an immediate appeal is necessary and should not make a Rule 54(b) determination routinely or as an accommodation to counsel. *Great American Trading Corp. v. I.C.P. Cocoa, Inc.*, 629 F.2d 1282, 1286 (7th Cir. 1980).

The Court finds that the Order granting summary judgment in favor of Abingdon constitutes a "final judgment" in that it resulted in "an ultimate disposition of an individual claim entered in the course of a multiple claims action." However, the Court cannot find that there is no just reason for delay, as there is a factual overlap between the claim remaining against Chief Robinson and Abingdon. *See Minority Police Officers Ass'n of South Bend v. City of South Bend, Ind.,* 721 F.2d 197, 201 (7th Cir. 1983) (holding that claims are not separate for Rule 54(b) purposes if the facts they depend on are largely the same, or, stated otherwise, if the only factual differences are minor). Further, in event the Court of Appeals finds that it lacks jurisdiction over Chief Robinson's current

4

appeal because that appeal involves a dispute over an issue of material fact, the case will continue in this Court; judicial resources could be saved by having one complete appeal following the resolution of all issues. Accordingly, the Court concludes that a Rule 54(b) determination is not appropriate for Abingdon.

## CONCLUSION

For the reasons set forth above, Abingdon's Motion for Rule 54(b) Determination [#75] is DENIED and Nagle's Motion for Rule 54(b) Determination [#78] is GRANTED.

ENTERED this 26th day of May, 2009.

                                                            s/ Michael M. Mihm
                                                            Michael M. Mihm
                                                            United States District Judge